Judge Underwood,
delivered the opinion of the Court.
Trundle sued Arnold by petition and summons, upon a note under seal, for §200. On the calling of the cause for trial, the plaintiff in error filed two pleas to the consideration of the note, and likewise offered to file a plea to the following effect: “that the|said Trundle his said action ought not to have against him, &c. because he says that the said Trundle, the plaintiff, obtained said note from him, said defendant, by fraud covin and misrepresentation in this, that said plaintiff before, and at the time of the execution and delivery of said note to him by the defendant, had in his possession a note for the sum of $200, before that time executed and *116 delivered by said defendant to N.. G. Brown, and said plaintiff, so having said note in his possession, falsely and tiaudulently told said defendant that said note, last above mentioned, belonged to said plaintiff, and had been transferred to him by said Brown, and that said Brown wished said defendant to execute and deliver said defendant’s own note to said plaintiff for said $200, in lien of said note, which lie, said Brown, had transferred to said plaintiff, and said defendant believing said false and fraudulent statements of said plaintiff, and that he was the owner of said note, executed, as aforesaid, to said Brown, did then and there execute and deliver to said plaintiff said defendant’s own note for said $200, in lieu of said note, which he had before that lime executed to said Brown, which was the sole consideration of said note, mentioned in said plaintiff’s said petition, and said defendant, in fact, says that said note, which said defendant had executed to said Brown did not then, or at any time before or since, belong to the said plaintiff, and that said Brown did not then, or at any time before or since, wish said defendant to execute and deliver said defendant’s own note to said plaintiff for said $200, in lieu of said note before executed to said Brown, but said defendant in fact says that said last mentioned note was always the property of said Brown, and said defendant has actually paid and satisfied said Brown tiie amount of said last mentioned note long before the commencement of said plaintiff’s said action, and said defendant is ready to verify this plea — wherefore he prays judgment,” &c.
If a defendant withdraw his pleas, the refusal of the circuit court to comino? the cause will not be considered by the appellate court.
Tiie circuit court refused to permit the foregoing plea to be filed and the defendant excepted. The defendant (now plaintiff) then made an unsuccessful motion for the continuance; after which he withdrew his two pleas filed to the consideration, and judgment was entered in favor of the plaintiff in ■die circuit court.
Whether the court erred in refusing to permit the above mentioned plea to be filed is the only qustion worthy of our consideration. Whether the Circuit Court did or did not err in refusing to continue the cause cannot be enquired into; because the defendant *117 voluntarily withdrew his pleas; and in consequence thereof the cause comes up, with the exception of the plea above, as though no plea had been filed or defence made. A defendant lias no right to a continuance where he tails to plead, or, having plead voluntarily withdraws his pleas, unless the object in moving for a continuance is to enable him to plead audio make out his defence in proper shape. The continuance was not asked for any such purpose.
Modern practice looks to the substance of pleading rather than to it- technical precision,
ApleaimPeao.h,ng t*le 0p a note or deed sued upon !nust be oatlf^a'plea admitting a considpg^tatíons" Df obligee bad been true ^noteorS obligation to have boon procured by false rep-’ rcsentations, needs no oa^oTihe party w der tlu statutes °8I5S°I I)i'-2jT>" 26.3. *S’
*117 plea aforesaid, „ . .i ; It is not distinctly averred in the that the note upon which suit has been instituted, is the identical-note executed by the plaintiff in error in consequence of the fraudulent representations of the defendant in error, in lieu of the note previously executed and delivered to Brown.- But we think, from the tenor of the whole plea, it is sufficiently apparent that the note sued on is the same which was procured by the fraudulent misrepresentations-of the defendant in error. As the liberality of modern pleading looks to the substance of things more than to technical precision, we shall regard the plea as averring that the note sued on is the same which was obtained from the plaintiff in error by the fraudulent misrepresentations of the defendant in error as therein set forth. U.ider this view, we think the plea contains a good defence to the action.
One of the defences to actions on contracts under seal stated by Chitty, in his analytical tables, is that “the deed was obtained by fraud.” I. Cliitty, 462, The facts averred in the plea show a clear case of fraud. The ground upon which the circuit court rejected the plea, we suppose, was, that it was not verified by the oath of the plaintiff in error.
According to the principles of the common law, the deiendant, in an action founded upon a deed, was estopped to deny that it was executed upon sufficient consideration. The deliberate solemnity of the act was conclusive evidence of a sufficient consideration. Powell on Contracts, 332 — 340. By an act of assembly, passed in 1801, 1 Dig. 257, defendants were authorized by special plea to go into or impeach the consideration of sealed instruments in the same manner as if the writing had not been sealed. By an act of 1815 1 Dig. 265 special pleas, impeaching the consideration of written *118 instruments according to the provisions of the act °* *801, were to be supported by affidavit of their ¿ruth. Were it conceded that tire plea in question was simply a plea impeaching fhe consideration of the note sued on, then it would be clear that the circuit court acted correctly in rejecting it, or refusing to let the plaintiff in error file it, because it not verified by affidavit. But we apprehend **iat ^16 P*ea c*oes lnore **uin S° into or impeach the consideration of the note sued on, as provided for by the act of 1801. Taking its averments tobe hue, it admits a valid consideration, provided the representations of the defendant in error, upon the faith of which the note was executed, had not been false.
Marshall, for plaintiff; Denny, for defendant.
The merit of the defence, as exhibited in the jilea, turns upon the fraudulent misrepresentations of the defendant in errror — and the note and cause of action are defeated by the fraud, which is the issuable matter alleged, and not by any failure of consideration, or any want of consideration, had the facts existed as represented. The plea, therefore, as it impeaches the note for fraud in its procurement, is an available defence upon the principles of the common law, as much so as if it had alledgcd that the note liad been palmed on the plaintiff in error (he being blind and unable to rend it) as a note for two dollars.
The execution of the note was not denied by the jilea. On the contrary, it was admitted. The case of Burton & Jarman vs. Emerine, I. Litt. 409, shews that a jilea averring that the note sued on was given upon a gaming consideration need not be verified by the affidavit of the defendant, notwithstanding the provisions of the aforesaid acts of 1801 and 1815. The jiresent is a clearer case in favor of the admissibility of the plea unsojqiorted by the oath of the jiarty pleading it. See also the case of Chambers vs. Simpson’s AdMx. I. Mon. 113.
The judment of the circuit court is reversed, with costs, and the cause remanded for proceedings not inconsistent with this opinion.